# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**LOTUS JUSTICE,**

        **Plaintiff,**

    **v.**
                            **Civil Action 2:21-cv-5903**
                            **Judge Sarah D. Morrison**
                            **Magistrate Judge Chelsey M. Vascura**

**STATE OF OHIO,** *et al.*,

        **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Lotus Justice, a state inmate who is proceeding without the assistance of counsel, brings this action against numerous law enforcement officers, state officials, and her landlord (collectively, "Defendants"),[1] alleging that her constitutional rights were violated in the course of her arrest, prosecution, and incarceration. (Am. Compl., ECF No. 10.) This matter is before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] The named Defendants in this action are: the State of Ohio; Ohio Governor Michael DeWine; Ohio Attorney General Dave Jost; the Ohio State Bar Association; Larry McCoy and Richard Ward of the Ohio Bureau of Criminal Investigation; Magistrate Heather J. Worthington of the Franklin County, Ohio Probate Court; City of Columbus Police Officers Roger Dickerson and Dennis Jeffreys; Meredith Rinehard, a mental health counselor at Netcare Access; Dallas Baldwin and 58 other unnamed officers of the Franklin County Sheriff's Office; Jim Badden, Plaintiff's landlord; and Clerk of Court Lori Tyack and Judges Mark Hummer and Ted Barrows of the Franklin County, Ohio Municipal Court.

from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## I.

Plaintiff's Amended Complaint was filed pursuant to this Court's February 8, 2022 Order finding that Plaintiff's original Complaint had misjoined a number of unrelated claims in violation of Federal Rule of Civil Procedure 20. (ECF No. 6.) In the February 8, 2022 Order, Plaintiff was directed to file an Amended Complaint that complied with Rule 20—that is, an Amended Complaint containing only allegations arising from "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1).

Although Plaintiff's Amended Complaint omits many of the misjoined claims, it suffers from the same defect as her original Complaint. The Amended Complaint's allegations still span Plaintiff's July 21, 2020 arrest, which was allegedly effected pursuant to a fraudulent probate order, and alleged defects in her subsequent state-court criminal proceedings. (Am. Compl. 3–5, ECF No. 10.) Plaintiff attempts to combine these events into a single "series of transactions or occurrences" by making conclusory allegations that the various Defendants conspired and engaged in "collective acts" to violate her rights. (*Id.* at 3, 6–7.) However, the Amended Complaint does not contain any supporting factual allegations that would make Plaintiff's claims of conspiracy plausible.  Plaintiff's allegations are therefore nothing more than "naked assertion[s]' devoid of 'further factual enhancement" and do not satisfy the pleading requirements of Rule 8(a).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

As noted in the February 8, 2020 Order, to the extent Plaintiff would like to pursue all of the claims she raises in her Amended Complaint, she would need to further amend her Complaint to bring only her claims purporting to appeal the entry of the state-court probate order and file at

least two additional complaints: (1) a complaint for excessive force against various law enforcement officers when serving the probate order in violation of the Fourth Amendment; and (2) a complaint asserting violation of the Fourteenth Amendment's Due Process Clause related to various state officials' conspiracy to withhold exculpatory evidence. Plaintiff was also cautioned that

> If Plaintiff fails to timely comply with this [February 8, 2022] Order, the Court will conduct an initial screen under § 1915 of Plaintiff's purported appeal of the state-court probate order and sever and dismiss without prejudice her remaining claims. Such a dismissal without prejudice means that Plaintiff can file these unrelated claims by filing separate complaints in new actions.

(Order 6, ECF No. 8.)

Because Plaintiff's Amended Complaint still contains misjoined claims, her Amended Complaint fails to comply with Rule 20 and the Court's February 8, 2022 Order. Accordingly, the undersigned will conduct an initial screen under § 1915 of Plaintiff's purported appeal of the state-court probate order and sever and dismiss without prejudice her remaining claims.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

* * *

> (B) the action or appeal—
>
> > (i) is frivolous or malicious; [or]
> >
> > (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

4

Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

Plaintiff contends that a probate order, relied on by various law enforcement officials in effecting her eviction, was fraudulently issued by the Franklin County Probate Court. To the extent Plaintiff is attempting to appeal orders entered by a state court, a doctrine known as *Rooker-Feldman* limits this Court's ability to adjudicate such claims. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548. Thus, to the extent Plaintiff is attempting to appeal from any of the state court's decisions, including the entry of the probate order, it is **RECOMMENDED** that those claims be **DISMISSED** for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine.

If instead Plaintiff seeks to directly challenge the fact or duration of her confinement, her sole remedy in federal court is habeas corpus. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1293 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement." (internal quotation marks and citation omitted)). Thus, to pursue any such direct challenge to the duration of her incarceration, Plaintiff must file a petition for a writ of habeas corpus that complies with Rule 2(d) of the Rules Governing Habeas Corpus Cases Under Section 2254.[2]

## IV.    DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's purported appeal of the state-court probate order pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted. It is further **ORDERED** that Plaintiff's remaining claims are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to re-filing in separate actions. Plaintiff is **ORDERED** to list 2:21-cv-5903 as a related case if she elects to file additional actions.

---

[2] The undersigned acknowledges that Plaintiff has commenced habeas proceedings in this Court in related Case Nos. 2:21-cv-3584 and 2:21-cv-5902.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).   A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE