## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LOTUS JUSTICE,**

                  **Plaintiff,**        **:**

                                  **Case No. 2:21-cv-5903**

      **v.**                       **Judge Sarah D. Morrison**

                                  **Magistrate Judge Chelsey M. Vascura**

**STATE OF OHIO,** *et al.,*      **:**

                  **Defendants.**

### ORDER

This matter is before the Court on Plaintiff's Objection (ECF No. 11) to the Magistrate Judge's February 8, 2022 Order (ECF No. 8), and Plaintiff's Objection (ECF No. 23) to the Magistrate Judge's March 17, 2022 Report and Recommendation (R&R, ECF No. 17).

## I.   BACKGROUND

Plaintiff is proceeding *pro se*. She filed her Complaint alleging, *inter alia*, that her constitutional rights were violated in the course of her arrest, prosecution, and incarceration. (ECF No. 1.) She also filed motions to proceed *in forma pauperis*. (ECF Nos. 1, 6.) Plaintiff was granted *in forma pauperis* status and was ordered to pay the filing fee in full at a later period. (ECF No. 8, PageID 47–48.)

The Magistrate Judge screened Plaintiff's Complaint and found that Plaintiff misjoined several unrelated claims in violation of Federal Rule of Civil Procedure 20. As the Magistrate Judge explained:

> This case presents a classic example of misjoinder given that Plaintiff advances unrelated claims against a variety of Defendants based upon unrelated events that occurred at different times. That is, Plaintiff's claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences. For example, Plaintiff's appeal of the probate order is unrelated to her appeal of the eviction notice, her claims of excessive force related to her arrest, the appeal of her criminal conviction, her claims arising out of her assault by other inmates, her claims arising out of her placement in solitary confinement, and her claims alleging a denial of access to the courts.

(ECF No. 8, PageID 50–51.) Accordingly, the Magistrate Judge ordered Plaintiff to file an amended complaint that complied with Rule 20 so that Plaintiff could determine which claims she wanted to pursue in this action and which claims she would pursue in separate actions. Plaintiff was warned that her failure to comply with the order would result in the severance of all claims not related to her purported appeal of a state-court probate order. (*Id.*, PageID 51.) Plaintiff objected to this order on various grounds (ECF No. 11), but she also filed an amended complaint, effectively mooting at least part of her objection. (ECF No. 10.)

The Magistrate Judge then screened Plaintiff's Amended Complaint and found that it suffered from the same defects as the original Complaint. (ECF No. 17.) Accordingly, the Magistrate Judge severed and dismissed without prejudice the claims unrelated to Plaintiff's appeal of a state-court probate order and issued a R&R recommending dismissal of that appeal. (*Id.*, PageID 109.) Plaintiff objected to the R&R. (ECF No. 23.)

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."
28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may
accept, reject, or modify, in whole or in part, the findings or recommendations made
by the magistrate judge." 28 U.S.C. § 636(b)(1).

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the
Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim
upon which relief can be granted, or seeks monetary relief from a defendant who is
immune from such relief. 28 U.S.C. § 1915(e)(2). "The dismissal standard
articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure
state a claim under [28 U.S.C. § 1915(e)(2)(B)] because the relevant statutory
language tracks the language in Rule 12(b)(6)." *Jones v. Domberski*, 2020 WL
5902516, at *1 (E.D. Tenn. Oct. 1, 2020) (citing *Hill v. Lappin*, 630 F.3d 468, 470–71
(6th Cir. 2010)) (internal quotations omitted).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim
with sufficient specificity to "give the defendant fair notice of what the . . . claim is
and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
(2007). A complaint that falls short of the Rule 8(a) standard may be dismissed if it
fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face. A claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged. The
> plausibility standard is not akin to a probability requirement, but it

3

> asks for more than a sheer possibility that a defendant has acted
> unlawfully. Where a complaint pleads facts that are merely consistent
> with a defendant's liability, it stops short of the line between
> possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations

omitted). The complaint need not contain detailed factual allegations, but it must

include more than labels, conclusions, and formulaic recitations of the elements of a

cause of action. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

"Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550

U.S. at 555). And although *pro se* complaints are to be construed liberally, *Haines v.

Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells

v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III.  ANALYSIS

### A. Plaintiff's Objection to the Magistrate Judge's February 8, 2022 Order.

The February 8, 2022 Order granted Plaintiff *in forma pauperis status* and

required her to pay the filing fee at a later time. It also required Plaintiff to file an

amended complaint that complied with Rule 20. Plaintiff's Objection to this Order

raises two issues.

First, Plaintiff asserts that she should not have to pay the filing fee. (ECF

No. 11, PageID 65). The controlling statute, 28 U.S.C. § 1915, provides otherwise.

Plaintiff's *in forma pauperis* status allows her to proceed without prepaying the

filing fee, but she is nonetheless required to pay the fee in full over a period of time after filing. *See* § 1915(a)–(b).

Second, Plaintiff disputes the Magistrate Judge's conclusion that the claims brought in her original Complaint were unrelated; therefore, she argues, the claims should not be severed. (ECF No. 11, PageID 66–68.) However, by filing an amended complaint in response to the Magistrate Judge's Order, Plaintiff rendered moot this argument.

Accordingly, Plaintiff's Objections to the Magistrate Judge's February 8, 2022 Order are **OVERRULED**.

### B. Plaintiff's Objection to the R&R.

The Magistrate Judge found that the Amended Complaint suffered from the same defects as the original Complaint, so she severed and dismissed without prejudice all claims not related to Plaintiff's purported appeal of a state-court probate order. (R&R, PageID 105–06.) The Magistrate Judge then screened Plaintiff's remaining claim under 28 U.S.C. § 1915 and recommended dismissal of Plaintiff's appeal of a state-court probate order.

Plaintiff raises two issues in her Objection. First, Plaintiff argues that she should be permitted to either re-amend her Complaint or refile the action to "perfect the claim." (ECF No. 23, PageID 141.) Because all but one of her claims were severed, and because Plaintiff failed to state a claim as to her only remaining claim, the Court denies Plaintiff's request for leave to amend her Complaint a second time. Plaintiff is not prohibited from filing a new action bringing appropriate claims – her

remaining, unrelated claims were severed without prejudice "to re-filing in separate actions." (R&R, PageID 109.) Plaintiff is **ORDERED** to list 2:21-cv-5903 as a related case if she elects to file additional actions.

Second, Plaintiff argues that the state probate court had no jurisdiction to issue a probate order in her case. (ECF No. 23, PageID 142–43.) However, the *Rooker-Feldman* Doctrine prohibits a federal district court's review of a state court decision. *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). Accordingly, the Magistrate Judge's recommendation to dismiss this claim pursuant to § 1915(e)(2) was correctly addressed. Relief cannot be granted on Plaintiff's purported appeal of a state-court probate order.

Plaintiff's Objections to the R&R are **OVERRULED**.

## IV.    CONCLUSION

Both of Plaintiff's Objections (ECF Nos. 11, 23) are **OVERRULED**, and her claim appealing a state-court probate order is dismissed pursuant to § 1915(e). The Court **ADOPTS** the R&R (ECF No. 17) in full.

Plaintiff's claims are **DISMISSED**. The Clerk shall enter judgment accordingly.


**IT IS SO ORDERED**.

s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

6